IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM LENIUS, No. B-75381,**

    **Petitioner,**

vs.                                **NO. 11-cv-717-DRH**

**DAVID REDNOUR,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. In this action, Petitioner challenges his April 15, 1996, conviction for first degree murder, attempted first degree murder, aggravated battery, and possession of an explosive device. He is serving a life sentence on the murder conviction, concurrent with sentences of thirty years, seven years, and five years, respectively, on the other offenses.

    Petitioner was convicted after a jury trial in the Cook County Circuit Court, Case No. 93-CF-21982. He appealed his conviction to the Illinois Appellate Court, First Judicial District, alleging that the trial court erroneously denied his motions to quash arrest, suppress evidence, and suppress his statements (Doc. 2-5, p. 5). Petitioner's conviction was affirmed on appeal on November 24, 1997. *People v.*

*Lenius*, 688 N.E.2d 705 (Ill. App. 1997). He then petitioned for leave to appeal to the Illinois Supreme Court, but his petition was denied on April 1, 1998. *People v. Lenius*, 698 N.E.2d 546 (Ill. 1998) (Table). Likewise, his petition for *certiorari* with the United States Supreme Court was denied on October 5, 1998. *Lenius v. Illinois*, 525 U.S. 879 (1998).

Thereafter, petitioner filed a post-conviction petition on October 23, 1998, with the Cook County Circuit Court. Counsel was appointed for him, and after several continuances, petitioner retained private counsel, who filed an amended petition for post-conviction relief (Doc. 2-5, p. 6). Petitioner argued that his arrest and the search of his home violated his Fourth Amendment rights, his confession was involuntary because the police lied to him about the victim of the explosion, he was denied his right to counsel, his trial counsel was ineffective, and he was actually innocent (Doc. 2-5, pp. 6-7). After a hearing, the trial court granted the State's motion to dismiss the post-conviction petition on April 3, 2009, and petitioner appealed. The appellate court (Case No. 1-09-1173) affirmed the trial court's dismissal on June 14, 2010 (Doc. 2-5). Petitioner once again brought his claim to the Illinois Supreme Court, which denied the petition for leave to appeal on September 29, 2010. *People v. Lenius*, 938 N.E.2d 526 (Ill. 2010) (Table). He then timely filed the current action with this Court on August 18, 2011.

In his petition currently before the Court, petitioner makes five claims for relief: (1) His constitutional rights were violated when he was "seized" by police without a warrant or probable cause during the search of his apartment (Doc. 2, pp.

10-19); (2) His conviction was obtained through the use of his involuntary confession (Doc. 2, p. 20; Doc. 2-1, pp. 1-9); (3) The search of his apartment without a warrant or probable cause violated his right to be free from unconstitutional search and seizure (Doc. 2-1, pp. 10-17); (4) Trial counsel was ineffective for failing to seek suppression of the evidence obtained in the illegal search of petitioner's home (Doc. 2-1, pp. 18-20; Doc. 2-2, pp. 1-6); and (5) Trial counsel was ineffective for failing to investigate or challenge any of the physical evidence (Doc. 2-2, pp. 7-13).

Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, the Court shall order a response.

**IT IS HEREBY ORDERED** that Respondent shall, within thirty (30) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of

this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

Signed this 16th day of May, 2012.

Digitally signed by David R. Herndon
Date: 2012.05.16 14:39:40 -05'00'

**Chief Judge**
**United States District Court**